No. ——

First Circuit

KOUEBBE v. SHERIDAN

(June 26, 1926. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625.**

The findings of the trial court on matters of fact, unless clearly erroneous, are affirmed.

Appeal from the Parish of Washington. Hon. Prentiss B. Carter, Judge.

Action by Joseph H. Kouebbe against Daniel E. Sheridan.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Miller & Richardson, of Bogalusa, attorneys for plaintiff, appellee.

Ott & Rich, of Bogalusa, attorneys for defendant, appellant.

MOUTON, J.  Plaintiff sues defendant in damages for timber alleged to have been illegally cut on his land.

Judgment was rendered in favor of plaintiff, from which defendant prosecutes this appeal.

Only questions of fact are presented for solution.

It is clearly established by R. H. Bateman, a timber estimator, who was familiar with the lines or boundaries of the land of plaintiff, that the timber was cut on the latter's land.  It is shown by Nellie Jones that defendant cut the timber on plaintiff's land and had it hauled from there. In a letter written by defendant to plaintiff he practically admits that the timber was cut on plaintiff's land, but intimates that it was due to an error committed by Stuart, who had perhaps gone over plaintiff's lines.  It is shown by two or three witnesses that defendant told them he had bought from plaintiff the land from which he was cutting and taking this timber.  Evidently the statement so made to these witnesses by defendant was intended as a justification for his taking the timber from plaintiff's land.  The proof shows defendant had tried to buy this timber land from plaintiff.  He attempted to explain away the statement he had made to these witnesses by saying they had misunderstood him as he had told them he was trying to purchase the land, but had never said he had bought it.  It is possible one witness might have misunderstood him, but that two or three had failed to understand what he said, is not to be accepted as probable.  Such an explanation is not at all satisfactory, and with the evidence above referred to with many corroborating facts of record, we have no doubt but that defendant had cut the timber from plaintiff's land and without the slightest authority.

Another contention of defendant is that he had sold the timber on the land to Stuart who he says was to pay him from the proceeds of sale of the timber.  He tried to show he had no connection with the cutting and hauling of the timber which he claims had been left to the management of Stewart, the pretended purchaser.  The proof is that to some parties who were engaged in hauling or cutting the timber and to others in the vicinity, defendant was known as the one who was conducting the operations, Stewart being known only as a foreman.  The fact is that one of the witnesses says Stewart told him he was working for defendant.  It appears that defendant saw in one or two instances to the making of arrangements for the payment of the board bill of employees who were working in that timber; also that defendant, and not Stewart, took money out of the bank for the payroll of the employees working in the timber.  With evidence of that character, and other circumstances in the record to which it is not necessary to refer, we have no hesitancy in concluding that defendant, and not Stewart, is responsible to plaintiff for the timber taken from the property.  The amount and value of the timber taken is well established by the testimony of Bateman, an experienced timber estimator, who testified in the case.

The trial judge rendered judgment for plaintiff in the sum of $797.90 for the damages suffered by him.  The evidence sustains this finding.